**STATE, Plaintiff-Appellee, v. SILBERBERG, Defendant-Appellant.**
**STATE, Plaintiff-Appellee, v. SILBERBERG and EUCLID GREEN**
**DEVELOPMENT COMPANY, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23445, 23446.   Decided November 23, 1955.

Frank T. Cullitan, County Pros., Fred Frey, Cleveland, for plaintiff-appellee.

Klein & Klein, Halle, Haber, Berick & McNulty, Cleveland, for defendants-appellants.

(HUNSICKER, J, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

## OPINION

By MIDDLETON, J:

The two cases here on appeal were tried together and submitted to the court, a jury being waived. In Case No. 23446, both of the defendants were convicted on six counts; while in Case No. 23445, the Defendant Silberberg was convicted on two counts.

Except as to the names of the buyers, defendants and monthly payments, all indictments are identical.

Count No. 1 charged the Defendant Silberberg alone in one case and Silberberg and the Corporation in the other case,

"did knowingly, unlawfully and intentionally sell, cause to be sold, offer for sale and cause to be offered for sale to (buyer) a security, to-wit, a written instrument of a promissory nature which provides in substance that the said (Silberberg in the first case and the Euclid Green Development Company in the second) promises to deliver to (buyer) shares in a corporation to be formed, for a stated consideration of $_____, which security was not then and there registered by description nor then and there registered by qualification in accordance with the provisions of §§8624-1 to 8624-24 GC (§§1707.01 to 1707.45 R. C.), inclusive, and which security was not then and there registered or exempted under Ohio law."

Count No. 2 is the same except the last paragraph which reads:

"which said Hirsch M. Silberberg (or the corporation and Silberberg) hereinbefore mentioned was not then and there licensed to sell securities in accordance with the provisions of §§8624-1 to 8624-24 GC (§§1707.01 to 1707.45 R. C.), inclusive."

In brief, the charge against the defendants as set out in the first count of the indictment is a violation of the Ohio Securities law in selling securities which had not been properly registered and were not exempt under the Ohio law.

The second count, in brief, charges the defendant with selling such securities without a dealer's license.

The defendants were found guilty on all charges and sentence was imposed thereon. It is from this judgment that appeal is taken to this court.

The facts, as shown by the record, are not involved, nor is there any material dispute as to the facts.

The question presented which the court must decide is whether the contracts entered into between the defendants and the buyers are or are not securities required to be registered under the Securities Act of Ohio, or are they exempted from such registration.

The contracts upon which the indictments were based are in all material provisions the same. They contain the usual and customary provisions found in the standard land contract. In substance, they provide for the sale and conveyance of an undivided interest in real estate

upon which have been constructed apartment buildings and grant the right to the use and occupancy of a definite unit or apartment in the building. Each contract contains a provision that upon the performance by the purchaser of the conditions to be performed by him,

"the seller shall well and truly make and deliver, or cause to be made and delivered, to said buyer on surrender of his duplicate contract, a good and sufficient warranty deed of the land aforesaid, subject to any mechanics' lien or encumbrance caused by the act of buyer, subject to the conditions, restrictions and stipulations herein named—otherwise free from any and all encumbrance save taxes and assessments due and to become due which said buyer assumes and agrees to pay."

In addition, the contracts contain the following provisions which it is claimed by the State constitute contracts for the sale of securities under the Ohio Securities Act:

"It is understood and agreed that the party of the first part shall incorporate a corporation at his own expense on or before December 31, 1956, capitalized at the sale price of said land and building thereon and to issue shares in said corporation in proportion to the value of the interest purchased by said party of the second part.

"It is understood and agreed that when said corporation has been duly formed, that the present owner will transfer by Warranty Deed with title guaranty at his own expense, all his right, title and interest, including the releasing of any dower right in said property to the said corporation; that taxes and assessments and insurance will be prorated as of the day of transfer to the corporation.

"It is further understood and agreed that these shares of stock will be delivered to the party of the second part when the principal sum, deposit, payments and all and any other conditions of this contract have been fully complied with and payment of same has been made in full "

Omitting the above quoted provisions, it is conceded these instruments would be simple land contracts, would not violate the Ohio Securities Act, and the charges made against the defendants would of necessity fail.

It is the claim of the State that the inclusion of these paragraphs stamps the contracts as securities and violates the law.

No hard and fast rule can be followed which will clearly divide transactions which constitute a sale of securities from those which are not. In arriving at a solution each separate transaction must be examined and subjected to certain accepted tests.

If the contracts entered into are bona fide contracts for the sale of real estate to be occupied by the buyer, they are not securities under the Securities Act. If, however, the purpose and intent is not to buy an interest in the land itself, but only to participate in a profit-sharing scheme involving the use of such real estate, it is a security even though it involves the sale of real estate. Form must be disregarded for substance.

"An 'investment contract,' as used in the Securities Act, means a contract, transaction, or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from efforts of promoter or a third party, it being immaterial whether shares in enterprise are evidenced by formal certificate or by nominal interests in physical assets employed in enterprise." Securities and Exchange Commission v. W. J. Howey Company et al., 328 U. S. 293, syllabus 1.

"In applying acts of this general purpose, the courts have not been guided by the nature of the assets back of a particular document or offering. The test rather is what character of the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect. In the enforcement of an act such as this it is not inappropriate that promoters' offerings be judged as being what they were represented to be." Securities & Exchange Commission v. C. M. Joiner Corporation et al., 320 U. S. 344, at 352, 353.

In speaking of the so-called Blue Sky Law, the Supreme Court of Ohio, in the case of **Groby v. State, 109 Oh St, 543,** states:

"This legislation was enacted for the obvious purpose of guarding investors against fraudulent enterprises, to prevent sales of securities based only on schemes purely speculative in character, and to protect the public from swindling peddlers of worthless stocks in mere paper corporations."

The evidence in these cases clearly shows the buyers were buying an interest in an apartment building for the sole purpose of occupying the same as a home. That is the clear intent and purpose, as gleaned from the contract. Neither the evidence of the parties involved nor the contract itself shows any plan or scheme to invest in a profit-sharing venture. The buyers were to take possession of and occupy the property described in the contracts. This they have done and were occupying the premises at the time of trial.

The purpose of an investment in a security is the hope of receiving an income as a return on such investment. There is nothing revealed by the record in these cases that shows such intent or purpose. The provision in the contract for the formation of a corporation are incidental to the sale of an undivided interest in the real estate. The inclusion of these provisions for the formation of a corporation does not destroy the basic character of the instrument, nor invalidate the right of the purchaser as specifically set out in the contract, to demand a deed for his fractional part of the real estate upon payment of the purchase price. It is true the contract requires the seller to form a corporation, but does not require the buyer to subscribe to the stock or to surrender his deed to a fractional interest in exchange for the stock. The formation of the corporation is plainly a means for operating and maintaining the property as a whole as a cooperative venture. There is evidence in the record that a number of persons who held identical contracts in the same building have completed their payments and received deeds for their fractional interest. The purchasers were buying real estate and not shares in a corporation, and being contracts for the sale of real estate are exempt from registration.

These instruments being contracts for the sale of real estate and exempt from registration, the defendants did not thereby violate the Securities Act of Ohio. The judgment of the lower court is reversed, and final judgment discharging the defendants is ordered.

HUNSICKER, J, concurs.

DOYLE, J (Concurring in judgment):
I concur in the order rendering final judgment for the defendants.

There is not, in my opinion, sufficient evidence as a matter of law to justify a conviction of violation of the "Securities" statutes of this state, §8624-1 et seq. GC (§1707.01 et seq. R. C.).